Defendant Terry Lewis appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found him to be a sexual predator for purposes of R.C.2950. Appellant assigns six errors to the trial court:
 ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S[SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
V. TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING.
VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
The record indicates appellant pled guilty to violating R.C. 2907.02, rape, and R.C. 2907.04, corruption of a minor. The victim was appellant's niece. Appellant is incarcerated in the Grafton Correctional Institution. The warden of the institution asked the trial court to classify appellant as a sexual predator, prior to a parole review date. The State pointed out appellant had been convicted of a continuing course of conduct, involving sexual abuse of a victim from age four to approximately age twelve. Appellant advised the court he had completed the insight program at Grafton Correctional Institute, which is a three-year program for sexual offenders. Appellant also advised the court he had not been a discipline problem while incarcerated.
 I and II
We will address the first two assignments of error simultaneously because both concern retroactive application of R.C. 2950. Appellant argues the statutes violate the ex post facto clause of the United States Constitution, and the retroactive prohibition of Article II, Section 28 of the Ohio Constitution. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court addressed this issue. In Cook, the Supreme Court held the statute does not violate the ex post facto clause of the United States Constitution, nor does it violate the retroactivity clause of Section 28, Article II of the Ohio Constitution. Cook, syllabus, paragraphs 1 and 2. On the authority of Cook, supra, the first and second assignments of error are overruled.
 III
In his third assignment of error, appellant urges the court should have dismissed the proceedings against him because they violate the principles of double jeopardy. In the Cook decision, the Ohio Supreme Court did not directly address the issue of double jeopardy, but it did find the registration and notification provisions of R. C. Chapter 2950 were not punitive in nature. This court has construed Cook, supra, to require the finding that because the provisions are not punitive in nature, they do not violate the principles of double jeopardy, see, e.g. State v. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the provisions of R. C. 2950 are unconstitutionally vague. This court has had numerous opportunities to review this argument, and we have found the statute provides meaningful and detailed guidance as to the procedures for conducting hearings pursuant to R.C.2950. The statute sets forth the standard of proof as clear and convincing evidence. We have concluded in prior cases R.C. 2950 is not unconstitutionally vague, McIntyre, supra. The fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant urges the trial court should have granted his request for continuance of the classification hearing. He based his request on the fact that he had a parole hearing scheduled for January of 1999. Appellant had only served eight years on a ten to twenty-five year sentence, and represented to the court he would probably not be granted parole at this time. He urged the court to continue the R.C. 2950 hearing until a time closer to his possible release date, in order to afford him the opportunity to build a positive institutional record from which he could demonstrate to the court he had been rehabilitated and was unlikely to reoffend. This court has already found it is not error for a trial court to hold a hearing to determine an inmate's status under R. C. 2950 prior to his release time. The statute does not set forth specifically a time frame in which the court must schedule the hearing, but it does provide an offender the right to petition a trial court to reexamine his classification. This court has already found the trial court does not abuse its discretion when it overrules a motion to continue made on this basis, see McIntyre, supra. The fifth assignment of error is overruled.
 VI
Finally, appellant argues the trial court erred in classifying him as a sexual predator without a record of clear and convincing evidence to support the finding. R.C. 2950.01 (D)(1) provides any violation of Section 2907.02 is a sexually oriented offense. The statute further provides if, as here, the victim of the offense is under eighteen years of age, then a violation of R.C. 2907.04 is a sexually oriented offense. Appellant pled guilty to violating these two statutes, and did not appeal his conviction to this court. R.C. 2950.01 (E) defines a sexual predator as ". . . a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses . . . ." R.C. 2950.09 permits a court to consider a number of non-exclusive factors, including the age of the victim, and whether the offender demonstrated a pattern of abuse. Here, appellant pled guilty to a continuing course of conduct involving a small child, over an eight year period. Our review of the record leads us to conclude there was sufficient evidence presented to the trial court to support its finding, by clear and convincing evidence, that appellant should be classified as a sexual predator. The sixth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur